UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIC SCOTT, )
                                                Plaintiff(s), )     Case No. 2:17-cv-02569-GMN-NJK
)
v. )     **REPORT AND RECOMMENDATION**
)
STATE OF NEVADA, et al., )
)
                                              Defendant(s). )

Concurrently herewith, the Court is issuing an order granting Plaintiff's application to proceed *in forma pauperis* and ordering that he make installment payments. The Court herein screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice

**I.    STANDARDS AND ANALYSIS**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

  A.  <u>Damages Claims</u>

Plaintiff's complaint alleges that his due process and other constitutional rights were denied him during his criminal trial in state court. Docket No. 1-1. In broadly construing Plaintiff's complaint, he appears to allege the following: (1) that the government knowingly submitted perjured testimony, *see Pyle v. Kansas*, 317 U.S. 213, 216 (1942); (2) that Plaintiff's attorney provided ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984); and (3) that the government withheld exculpatory evidence, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963). Plaintiff seeks $10,000,000 in damages based on these claims. *See* Docket No. 1-1 at 4.

These claims cannot proceed. Most significantly, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a § 1983 claim is barred by

*Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).

In this case, Plaintiff has not shown that there exists a subsequent decision invalidating his conviction and, to the contrary, Plaintiff affirmatively pleads that he remains in custody awaiting sentencing. *See* Docket No. 1-1 at 3. Moreover, the claims alleged here would necessarily imply the invalidity of any conviction or sentence, so they are barred. *See, e.g.*, *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (explaining that *Brady* claims are *Heck*-barred); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (holding that ineffective assistance of counsel claims are *Heck*-barred); *Dooley v. Olivas*, 2014 WL 3896185, at *3 (C.D. Cal. July 7, 2014) ("It is elementary to conclude that plaintiff's claims related to defendant's alleged perjury and spoliation or falsification of evidence are Heck-barred"), *adopted,* 2014 WL 3896201 (C.D. Cal. Aug. 8, 2014). Accordingly, these claims should be **DISMISSED** without prejudice to their refiling in the event Plaintiff's conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

B. Injunctive Relief Claims

In addition to seeking damages based on the above allegations, Plaintiff is also seeking injunctive relief in the form of a retrial or dismissal. *See* Docket No. 1-1 a 4. It is somewhat unclear whether this is an attempt by Plaintiff to seek habeas relief. *See* Docket No. 1 at 4 (checking and then crossing out that type of action is habeas); *see also Trimble*, 49 F.3d at 586 ("To the extent that Trimble is contending that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus"). While it appears any such habeas claim may be dismissible for failure to exhaust state remedies, the Ninth Circuit has noted the most prudent course to avoid prejudicing Plaintiff's ability to seek habeas relief in the future is to dismiss his § 1983 claims without prejudice to bringing a proper habeas petition. *Id.* Accordingly, these claims should be **DISMISSED** without prejudice to their refiling through a habeas petition at an appropriate juncture.

## II. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: October 12, 2017

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).